IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARBARA STRAIN, | ) | No. C 10-3787 JSW (PR) |
| Plaintiff, | ) ) | **ORDER OF DISMISSAL** |
| v. | ) ) | |
| ROBERT MCFADDEN, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

### INTRODUCTION

Plaintiff, a federal prisoner proceeding pro se, filed this civil rights complaint against officials of the Bureau of Prisons and the Federal Correctional Institute in Dublin, California, where Plaintiff is incarcerated. Her application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it without prejudice.

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

Plaintiff contends that Defendants improperly disciplined her for violating prison rules against possession of certain kinds of property. She further alleges that she forfeited 84 days of good time credits as part of the punishment for violating prison rules. Plaintiff seeks to have the time credits restored.

A claim that, if proven, would restore time credits is properly raised in a federal habeas petition, not a civil rights complaint, because if the claim is proven true would entitle her to earlier release. *See Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997); *Young v. Kenny*, 907 F.2d 874, 876-78 (9th Cir. 1990); *Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989); *see also Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim by a prisoner attacking the duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code). Because Plaintiff forfeited time credits in connection with her discipline, if her challenge to those disciplinary proceedings were successful and her time credits restored, then the duration of her custody would be shortened. Thus, Plaintiff's sole avenue for challenging the disciplinary proceedings in

federal court is to file a petition for writ of habeas corpus.

Plaintiff also seeks money damages. A claim for damages arising from a prison disciplinary decisions that involve a loss of good time credits, as is the case here, is not cognizable until the disciplinary decision has been invalidated. *See Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)).

Accordingly, this action will be dismissed without prejudice to Plaintiff's raising her claims to restore the time credits in a federal habeas petition. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Plaintiff may raise claims for money damages based upon the disciplinary hearings only if the disciplinary findings are ever invalidated, dismissed, or expunged. *See id.*

## CONCLUSION

This case is DISMISSED without prejudice.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: November 29, 2010

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

BARBARA STRAIN,

        Plaintiff,

  v.

ROBERT MCFADDEN et al,

        Defendant.
                        /

Case Number: CV10-03787 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 29, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barbara Strain
13286-006
FCI Dublin
5701 8th Street
Camp Parks, CA 94568

Dated: November 29, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk